# In the United States Court of Federal Claims

No. 08-101 C

(February 27, 2008)

* * * * * * * * * * * * * * * * *
L-3 GLOBAL COMMUNICATIONS SOLUTIONS, INC., *

*Plaintiff,* *

v. *

THE UNITED STATES, *

*Defendant.* *
* * * * * * * * * * * * * * * * *

## ORDER

L-3 Global Communications Solutions, Inc. (LGCS) filed its post-award bid protest complaint on February 22, 2008. The court held a telephonic status conference with counsel on February 25, 2008, which, after counsel conferred, was re-convened on February 26, 2008. Participating with the undersigned in the teleconference were:

Ronald K. Henry, counsel for plaintiff;
John Bowles, Jeremy White and Kevin Donohue, for plaintiff;
Dawn S. Conrad, counsel for defendant;
John Bean, law clerk.

The court inquired whether ADCI of Delaware, LLC (ADCI), the successful offeror on the solicitation at issue here, wished to intervene in this suit. Ms. Conrad had contacted counsel for ADCI and reported that ADCI had no plans to intervene. The court then turned to the issue of whether work had begun on the

awarded contract, HSCG23-08-A-TMM001 (the contract), with the United States Coast Guard (USCG).

According to the complaint, the contract, which is a blanket purchase agreement (BPA), includes satellite airtime services for at least two types of maritime communication terminals: Mini-M and Fleet-55. *See* Compl. ¶¶ 15, 19. As of the date of the teleconference, plaintiff asserts that LGCS continues to perform the Fleet-55 services encompassed in the award to ADCI, because certain technical difficulties prevent ADCI from offering those services as of this date. Defendant agreed that Fleet-55 services were indeed still being provided by LGCS, the incumbent contractor for those services. The first task order under the BPA apparently calls for about $900,000 in services, including Mini-M and Fleet-55 services, of which approximately $300,000 is devoted solely to Mini-M services. The contract overall authorizes approximately $28 million in services.

For the Mini-M services, ADCI is the incumbent contractor, as well as the awardee of the contract. Apparently the old contracts involve an intermediary within the Defense Department, the Defense Information Technology Contracting Organization (DITCO), and the contract awarded to ADCI is a new generation of contract no longer using DITCO as an intermediary. Plaintiff's position is that as long as the transition from the old contract vehicles to the new contract vehicle is frozen as of the date of this order, the preliminary injunction request is moot, both LGCS and ADCI may still perform satellite airtime services and USCG can avoid interruption of service. Defendant agreed that the transition from DITCO-ADCI Mini-M services to ADCI-only Mini-M services, which apparently involves some changes related to antennas, will cease until this bid protest is resolved. The court's understanding is that USCG has also agreed to not issue further task orders under the contract while this suit is pending. The court agrees with the parties that plaintiff's preliminary injunction motion is thus mooted and that this bid protest may be most efficiently resolved on the merits.

The remainder of the teleconference was largely devoted to establishing the schedule for various filings and oral argument, which is memorialized below. The agreed-upon schedule is dependent upon the completeness of the administrative record, and plaintiff may timely move for leave to supplement the record, if appropriate under the circumstances. Such supplementation, if ordered, may or may not require modification of the schedule outlined below.

Accordingly, it is hereby **ORDERED** that:

(1) L-3 Global Communications Solutions, Inc.'s Motion for Preliminary Injunction, filed February 22, 2008, is **DENIED** as moot;

(2) Defendant's Unopposed Motion for Protective Order, filed February 26, 2008, is **GRANTED**;

(3) Defendant shall **FILE** and serve on plaintiff a **CD-ROM** of the Administrative Record, by **5:00 p.m.**, eastern time on **March 3, 2008**; Defendant shall also **DELIVER** two bound paper copies of the Administrative Record to chambers by **5:00 p.m., eastern time** on **March 3, 2008**;

(4) Plaintiff shall **FILE** any Motion to Supplement the Record, if needed, no later than **5:00 p.m., eastern time** on **March 10, 2008**;

(5) Plaintiff shall **FILE** a Motion for Judgment on the Administrative Record by **5:00 p.m.**, **eastern time** on **March 26, 2008**;

(6) Defendant shall **FILE** its Cross Motion for Judgment on the Administrative Record by **5:00 p.m.**, **eastern time** on **April 16, 2008**;

(7) Plaintiff shall **FILE** a Response/Reply to defendant's Cross Motion by **5:00 p.m.**, **eastern time** on **April 30, 2008**;

(8) Defendant shall **FILE** its Reply by **5:00 p.m.**, **eastern time** on **May 9, 2008**;

(9) Whenever briefing, including exhibits and attachments, causes an electronic filing to exceed thirty pages, the party shall

**DELIVER** a paper courtesy copy of that filing to chambers by **5:00 p.m.**, **eastern time** on the day of filing; and

(10) **Oral Argument** shall be **HELD** on Friday, **May 16, 2008** at **2:00 p.m.**, **eastern time**, at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, D.C. The location of the courtroom will be posted on the directory in the lobby.

/s/Lynn J. Bush
LYNN J. BUSH
Judge