# In the United States Court of Federal Claims

No. 08-101 C

(July 28, 2008)

* * * * * * * * * * * * * * * * *
L-3 GLOBAL COMMUNICATIONS SOLUTIONS, INC.,

*Plaintiff*,

v.

THE UNITED STATES,

*Defendant*.
* * * * * * * * * * * * * * * * *

## ORDER

The court has before it Plaintiff's Motion to Compel Further Discovery, filed July 25, 2008. Therein, plaintiff requests that the court "compel the Coast Guard's responses to interrogatories directed at the production of documents comprising the administrative record . . . [and allow plaintiff] to take the deposition of the Coast Guard's records custodian." Pl.'s Mot. at 1. Plaintiff suggests that numerous documents may be missing from the administrative record (AR) filed in this matter. Plaintiff also contemplates that serving a subpoena upon ADCI might be required. *Id.* at 7. Finally, plaintiff requests a stay of oral argument to permit "the completion of additional discovery and, if necessary, supplementation of the administrative record." *Id.*

Responsive briefing from defendant is not required for the court's consideration of plaintiff's motion. The court set a final deadline of April 25, 2008 for all motions to supplement the administrative record. Order of April 18, 2008. Many of the documents plaintiff now seeks, if they indeed exist, would have been plainly absent from the supplemented administrative record that was available to plaintiff no later than April 22, 2008. *See* Order of April 29, 2008 (supplementing

the administrative record with record pages 453 through 522, which had been filed by defendant on April 22, 2008). Plaintiff should be well aware that the briefing schedule of a bid protest must, of necessity, be strictly observed. By failing to request the documents it now seeks, by means of a timely motion to supplement the administrative record, plaintiff waived any right to supplement the record three months after reviewing a record it only now alleges is incomplete and only three business days before oral argument in this case.

Similarly, the court notes that plaintiff's motion was filed eight days after defendant filed the document plaintiff cites as evidence that the Coast Guard has submitted an incomplete administrative record. This delay is indefensible, given the schedule of this bid protest. Plaintiff cannot obtain a stay to delay action on this bid protest when it has itself delayed its request for assistance from the court.

Discovery requests in the context of supplementing the administrative record in a bid protest are reviewed based on the facts of the particular protest. *See, e.g., Planning Research Corp. v. United States*, 4 Cl. Ct. 283, 298 (1983) (noting that "the rulings on discovery in this [bid protest] were completely dependent on the particular facts herein [and warning that granting all such requests might] be opening a Pandora's box of frivolous lawsuits intended only to gain access to the full administrative record or to delay or unduly burden agency actions"). The court should not grant discovery when the documents sought would not be needed to uphold or deny the bid protest. *See Benchmade Knife Co. v. United States*, 79 Fed. Cl. 731, 736-37 (2007) (denying supplementation of the administrative record where "the Court does not need plaintiff's proposed supplemental documents to improve its understanding of the issues in this case"). Here, plaintiff seeks additional documentation related to meetings between the Coast Guard and ADCI throughout January and February 2008. Pl.'s Mot. at 4. This period of time and this subject are already well represented in the administrative record, and the court does not require more detailed documents, should any exist, to render a decision in the subject matter.

Finally, plaintiff suggests that because defendant attached an invoice from ADCI to its reply brief, defendant's administrative record is obviously incomplete. Pl.'s Mot. at 5. The court finds that the omission from the administrative record of the document now submitted by defendant is regrettable, but merely a *de minimis* irregularity. The corrected invoice from ADCI, Exhibit A to defendant's reply

brief, contains updated billing amounts but no new information relevant to the issues being decided in this bid protest. Each proposition for which defendant cites Exhibit A is supported by references to other invoices within the administrative record finalized on April 29, 2008. *See* Def.'s Reply at 8 n.7, 11. Because Exhibit A adds nothing of significance to the factual record in this bid protest, its omission from the administrative record has not prejudiced plaintiff and does not warrant plaintiff's proposed delay of this litigation. Exhibit A must, however, be stricken from the record in this case because supplementation of the administrative record was completed on April 29, 2008, per the court's order of April 29, 2008.

Accordingly, it is hereby **ORDERED** that:

(1) Plaintiff's Motion to Compel Further Discovery, filed July 25, 2008, is **DENIED**;

(2) Exhibit A, attached to Defendant's Reply in Support of Its Motion for Judgment upon the Administrative Record, filed July 17, 2008, is **STRICKEN** from the record in the subject matter; and,

(3) As previously scheduled, **Oral Argument** shall be **HELD** on Wednesday, **July 30, 2008** at **2:00 p.m.**, **eastern time**, at the United States Court of Federal Claims, National Courts Building, 717 Madison Place, N.W., Washington, D.C. The location of the courtroom will be posted on the directory in the lobby.

/s/Lynn J. Bush
LYNN J. BUSH
Judge